**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                    CASE NO:  8:03-cr-250-T-30MSS

MARCUS JERROD BROCKINGTON
_____/

## <u>ORDER</u>

The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007.  The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.  Defendant was sentenced prior to November 1, 2007.

The Court has undertaken a preliminary review of Defendant's case.  Based upon that review, the Court finds that Defendant is not eligible for a reduction of his base offense level. Defendant pled guilty to Count One and Count Four of the indictment alleging (1) Count One - Conspiracy to Distribute and to Possess With Intent to Distribute in Excess of Fifty (50) Grams of Cocaine Base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) and (2) Count Four - Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).

At sentencing, the Court determined the defendant's offense level to be a 29 with a criminal history category of one (I) which called for the applicable guideline range of one

hundred and twenty (120) months due to the statutory minimum mandatory term of imprisonment. The Court then granted the government's motion pursuant to USSG §5K1.1. The defendant was sentenced to a total term of imprisonment of one hundred and thirty (130) months. The term of imprisonment consists of seventy (70) months as to Count One and sixty (60) months consecutive imprisonment as to Count Four.

The operation of the Retroactive Crack Cocaine Amendment does not have the effect of lowering the applicable guideline range of one hundred and twenty (120) months, the statutory mandatory minimum term of imprisonment. Therefore, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with USSG §1B1.10.

IT IS ORDERED and ADJUDGED that the Defendant is not eligible for a sentencing reduction under 18 U.S.C. § 3582(c) and Amendment 706.

**DONE** and **ORDERED** in Tampa, Florida on May 7, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant
U.S. Probation
Bureau of Prisons